IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TANIA BAKER                                    *
SANDRA BRYANT
      Plaintiffs,                            *

v.                                             *   CIVIL ACTION NO. CCB-13-1616

SUNNY AT TREASURES JEWELERS                    *
      Defendant.
                                           *****

MEMORANDUM

On June 4, 2013, the court received for filing this self-represented complaint invoking diversity jurisdiction under 28 U.S.C. § 1332 and seeking $500.00 in damages and defendant's criminal prosecution for possession of stolen property. Plaintiffs[1] contend that on May 16, 2013, two rings were taken to defendant's jewelry store in the Eastpoint Mall in Baltimore to be sized. Plaintiff Baker states that one ring was picked up, but the other ring is not yet ready for pickup and she has been given "nothing but excuses" by defendant as to "why the ring cannot be located." ECF No. 1. Because she appears indigent, plaintiff Baker's motion for leave to proceed in forma pauperis shall be granted. The complaint, however, shall be summarily dismissed.

This court is a court of limited original jurisdiction and does not review every claim alleging breach of contract, loss of real property, or tortious conduct involving non-federal parties. It only has authority to review such claims if the parties demonstrate a basis for diversity of citizenship jurisdiction. When parties seeks to invoke diversity jurisdiction under § 1332, as plaintiffs do, they bear the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160

---

[1]       Only plaintiff Tania Baker has signed the complaint and indigency application.

(2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Further, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs.[2] The parties in this case are all from Maryland, and thus are not "diverse." As plaintiff only seeks damages for the value of the ring at $500.00, the amount in controversy has not been satisfied.

In the absence of available diversity jurisdiction over the facts as alleged, plaintiffs' complaint shall be summarily dismissed without service on defendant.[3] A separate order follows.


Date: June 12, 2013  _____/s/_____
Catherine C. Blake
United States District Judge

---

[2] Title 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).

[3] Plaintiffs may wish to file suit in the state District Court for Baltimore County, Court IV, Towson, Maryland. They should contact the Clerk to obtain the correct complaint and indigency forms at 120 E. Chesapeake Ave., Towson, Maryland 21286-5307.